### WILLIAM JOHNSTON v. A. J. DERR, Adm'r.

*Evidence—Fraud—Mistake.*

In an action to recover the amount due upon a note executed by husband and wife, the husband alleged, by way of defence that he affixed his name to the instrument only for the purpose of signifying his assent to its execution by his wife, and that his name, as joint obligor was the result of mistake on the part of the draftsman, or was procured by the fraud of the payee: *Held*, that evidence tending to show that the land, for the purchase of which the note was given, was subsequently conveyed to the wife; that the wife was a free trader; that the payee failed to present the claim to the administrator of the husband within the time prescribed by law; that at the time of the execution of the note the husband was ill from a disease which soon afterwards resulted in death, was incompetent to establish the allegations of fraud and mistake.

CIVIL ACTION, tried at February Term, 1891, of MECKLEN-BURG Superior Court, before *Merrimon, J.*

110 — 1

The action is brought to recover money due on a joint promissory bond executed by Mrs. M. K. Barkley and her husband James A. Barkley, the intestate of the defendant Derr.   Judgment was rendered against Mrs. Barkley.   The defendant administrator, in his answer, relied upon the defence that the bond was signed by his intestate only for the purpose of signifying his assent, in writing, to his wife's promise, and that it was erroneously drawn as a joint bond by the mistake of the draftsman, or procured to be so drawn by the fraud of the plaintiff.

There was judgment for plaintiff, and defendant appealed. The other material facts are stated in the opinion.

*Mr. P. D. Walker*, for plaintiff.
*Messrs. Clarkson & Duls* (by brief), for defendant.

DAVIS, J.: The execution of the bond is admitted, but the defendant administrator says, " that the plaintiff had the bond and other papers prepared and sent to Mrs. Barkley, and that by mistake or inadvertence of the draftsman, or by fraudulent direction of the plaintiff, the said bond was erroneously drawn; that the mark of defendant's intestate was made to said bond * * * * upon the statement made to him that it was not his bond, but he must sign it to give force and effect to his wife's signature thereto, and that he was thus fraudulently induced to sign the same in ignorance of its contents, and he asks that the same be reformed and corrected."

The execution of the bond being admitted, the burden is on the defendant to show the alleged fraud or mistake.

Upon an examination of the record, we are unable to find any evidence of fraud or mistake sufficient to go to the jury; on the contrary, the evidence offered by the defendant himself, if believed, precludes even a suspicion of mutual mistake or fraud on the part of the plaintiff, for it appears from that

evidence that the bond was not prepared by the plaintiff as alleged, or at his instance, and sent to Mrs. Barkley, but it was prepared by the defendant's own agent and executed before Mr. Williams, a Justice of the Peace, at the house of the defendant, and that the plaintiff was not present. He gave no direction about the matter, but the original obligation to make title was to the husband, and, at the request of the defendant's intestate, as appears from the testimony offered by him, this was changed and title made to Mrs. Barkley, and the plaintiff took notes and a mortgage on the land to pay for it. The bond declared on is executed jointly by Mrs. Barkley and her husband, and upon its face purports to be a joint promise or obligation to pay money, but the defendant administrator says the promise by the husband to pay was made by mistake or procured by fraud, and his signature was only to signify his consent to his wife's promise, and he cites numerous authorities to show that a married woman cannot bind herself by an executory contract except in the mode prescribed by law ; this will be conceded and needs no discussion. But that does not show that the husband cannot make a joint promise with his wife, and the question before us is not whether Mrs. Barkley is bound by her promise, but whether the husband made and was bound by his joint promise. He certainly was under no disabilities, and could both consent in writing to his wife's promise and join in the promise, which he did, as appears from the bond. Counsel say that his Honor erred in excluding the question, " What did Johnston do with the land ?" (asked for the purpose of showing that the trade was that of the wife, and not of the husband). We are unable to conceive how the question, or any answer that can possibly be given to it, can tend to show that there was mistake or fraud in the execution of the bond to the plaintiff. The land, at the request of the defendant's intestate, was conveyed to the wife, and the note and mortgage taken by the plaintiff to secure pay-

ment, and the papers so executed speak for themselves, and the question was properly excluded as irrelevant.

It is alleged that his Honor erred in permitting the plaintiff to show that Mrs. Barkley was a free trader. We are unable to see how it was material upon the question of fraud or mistake in the execution of the bond by the husband whether she were a free trader or not, but the defendant insisted that his intestate signed the bond only to signify his assent to his wife's promise, and the evidence was offered to show that, being a free trader, his assent was not necessary. At all events, we cannot see how any injury or wrong was done to the defendant by showing the fact that she was a free trader; he was not prejudiced thereby, and the exception cannot be maintained.

It is further insisted for the plaintiff that the Judge below erred in refusing to allow him to show that the plaintiff failed to present the claim for payment after he had advertised for claims to be presented against the estate of his intestate as required by law. It is not relied upon as a defence, in the answer, that the claim was not presented for payment within the time prescribed, but the defendant insists that it is evidence that the plaintiff did not consider James A. Barkley liable on the bond. The bond speaks for itself, but it is conceded, as contended by the defendant, that it may be attacked for fraud, or corrected by the Court in case of mutual mistake, but we are unable to see how the evidence tends to show fraud or mistake, and there was no error in excluding it.

The defendant says there was error in excluding the declarations of James A. Barkley, made at the time of the execution of the bond, while he was sick. His Honor said he had no recollection of any question calling for the declarations, but that the defendant, in his case on appeal, might have the benefit of it, as asked and excluded. Plaintiff's counsel insists that an exception cannot be taken in this way.

JOHNSTON *v.* DERR.

Without expressing any opinion as to the action of his Honor, who was manifestly fair in settling the case on appeal, the papers were prepared and executed by the defendant's intestate in the absence of the plaintiff and sent to him, and we cannot see how declarations made in his absence would be competent to show mistake or fraud on the part of the plaintiff. It is not alleged in the pleadings, nor is it pretended, that James A. Barkley was, from sickness, or any other cause, incapable of executing the bond sued on, and the question was incompetent. No such declarations made, in the absence of the payee, by the maker of a note payable at a future day can be heard to invalidate the note.

Counsel for the defendant laid much and earnest stress upon the fact that James A. Barkley " was in the last stage of Bright's disease of the kidneys," and it is insisted that he would not make a promise to pay under such circumstances. It is shown by the defendant's own witness that his intestate executed the bond at his own house in the absence of the plaintiff, and we are unable to see how his sickness could tend to prove mistake or fraud on the part of the plaintiff.

There is no error of which the defendant can complain.

Affirmed.